UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLIFTON HARRIS                                CIVIL ACTION

VERSUS                                        NUMBER: 07-2686

JEFFERSON TRAVIS, WARDEN, ET AL.              SECTION: "C"(5)


**REPORT AND RECOMMENDATION**

Presently before the Court is the "Petition for Writ of Injunction" that was filed in forma pauperis by pro se plaintiff, Clifton Harris, against defendants, Jeffery Travis, Warden of the Rayburn Correctional Center ("RCC") , Angie, Louisiana; Major Larry Grow, the Legal Department Director at RCC; and, Lieutenant Tim Crawford, also a Legal Department Director at RCC.  (Rec. doc. 1).

Plaintiff is a state prisoner who is presently incarcerated at RCC.  In the above-captioned petition for writ of injunction which he filed pursuant to 28 U.S.C. §1651 and Rule 65, Fed.R.Civ.P., plaintiff seeks injunctive relief in the form of an order directing the named defendant prison officials to provide him with law books

and reference legal materials for the purpose of challenging two unspecified felony charges pending in Pittsburgh, Pennsylvania. (Rec. doc. 1).  Plaintiff's petition for writ of injunction has been construed as a complaint brought pursuant to 42 U.S.C. §1983. (Rec. doc. 5).

As noted above, plaintiff is proceeding IFP in this matter pursuant to 28 U.S.C. §1915.  A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). Giving the instant complaint a liberal reading, it is recommended that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

The statute cited by plaintiff in his complaint, 28 U.S.C. §1651, provides no independent basis for jurisdiction but only empowers federal courts to issue writs in aid thereof where jurisdiction was previously acquired on some other ground. Brittingham v. U.S. Comm. of Internal Revenue, 451 F.2d 315, 317 (5th Cir. 1971). Construing plaintiff's complaint as one brought under §1983 for an alleged denial of access to the courts, it fails to state a claim upon which relief can be granted and is thus subject to dismissal on that basis.  As noted by the Fifth Circuit,

"[t]he right of access does not include the right to litigate all causes of action; rather it requires that prisoners be provided with the tools necessary 'to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.'" <u>Cochran v. Baldwin</u>, 196 Fed.Appx. 256, 257-58 (5th Cir. 2006)(quoting <u>Lewis v. Casey</u>, 518 U.S. 343, 355, 116 S.Ct. 2174, 2182 (1996)). Moreover, in order to prevail on a denial-of-access claim, a plaintiff must show actual prejudice. <u>Id</u>. The actual injury requirement imposed by the Supreme Court in <u>Lewis v. Casey</u>, 518 U.S. 343, 116 S.Ct. 2174 (1996) is not satisfied by just any type of frustrated legal claim. <u>Lewis</u>, 518 U.S. at 354, 116 S.Ct. at 2181-82. Interpreting its earlier decision in <u>Bounds v. Smith</u>, 430 U.S. 817, 97, S.Ct. 1491 (1977), the Supreme Court in <u>Lewis</u> further explained as follows:

> <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools [that the constitutional right] requires to be provided are those that the inmates need in order to attack their sentences directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.
>
> <u>Lewis</u>, 518 U.S. at 355, 116 S.Ct. at 2182

3

(emphasis in original).

As <u>Lewis</u> made clear, prisoners' First Amendment right of access to the courts is limited to the right to "... have a reasonably adequate opportunity to file nonfrivilous legal claims challenging their <u>convictions</u> or conditions of confinement." <u>Id</u>. at 356, 116 S.Ct. at 2182 (emphasis added). <u>See</u> <u>also</u> <u>Johnson v. Rodriquez</u>, 110 F.3d 299, 310-11 (5th Cir. 1997).

Plaintiff's alleged need for legal materials for the purpose of challenging criminal charges pending in Pennsylvania fails to state a claim under <u>Lewis</u> because he has yet to be convicted of a crime there. Presumably, plaintiff will be appointed counsel if he is unable to afford a private attorney if and when the detainer lodged against him is executed and he is returned to Pennsylvania to face the two unspecified felony charges pending there. At this juncture, however, there is simply no constitutional requirement that the named Louisiana correctional officials maintain a complement of legal research materials from potentially every state of the union to enable prisoners housed here to attack whatever criminal charges may be outstanding against them in the other forty-nine jurisdictions.[1]/

---

[1]/ None of the four cases cited by plaintiff in the memorandum supporting his writ, only one of which emanates form the Fifth Circuit, stands for the novel proposition he espouses here.

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).[2]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  4th  day of    June   , 2007.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2]/In light of the issuance of this Report and Recommendation, the Court pretermits ruling on plaintiff's "Motion for Court Ordered Service on Defendants." (Rec. doc. 6).

5